E-FILED
Tuesday, 02 July, 2019 09:09:18 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| HENRY L. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 18-cv-2214-JES |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

Now before the Court is Petitioner Henry L. Johnson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1).[1] Petitioner has also filed a Motion to Amend (Doc. 10). For the reasons set forth below, Petitioner's § 2255 Motion (Doc. 1) is DENIED and the Court DECLINES to issue a Certificate of Appealability. Petitioner's Motion to Amend (Doc. 10) is DENIED as futile. A hearing on the Motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Hutchings v. United States*, 618 F.3d 693, 699–700 (7th Cir. 2010) (quotation omitted).

## I. BACKGROUND

In November 2015, Johnson was charged in a one count Indictment with Possession of a Firearm by a Felon in violation of 18 U.S.C. §§ 922(g) and 924(e). (R. 1). In April 2016, Johnson pleaded guilty to the Indictment pursuant to a Rule 11(c)(1)(C) plea agreement. (R. April 28, 2016 Minute Entry); Plea Agreement (R.15).

---

[1] Citations to documents filed in this case are styled as "Doc. __." Citations to the record in the underlying criminal case, *United States v. Johnson*, Case No. 15-cr-20058 (C.D. Ill.) are styled as "R.__."

The United States Probation Office prepared an initial presentence investigation report, which detailed Johnson's extensive criminal background. PSR (R.23); *see also,* Resp. at 2-3 (Doc. 7). The initial PSR concluded that Johnson qualified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) because he had three previous convictions for a "violent felony." PSR at ¶ 21 (R.23). Specifically, the PSR found his prior Illinois convictions for aggravated battery of a peace officer, aggravated battery with a firearm, and armed robbery were violent felonies as defined under 18 U.S.C. § 924(e)(2)(B). *Id.* Petitioner objected and argued that his conviction for aggravated battery of a peace office was not a "violent felony," and that his armed robbery conviction was only for an attempt, and, thus, also not a "violent felony." (R.31). District Judge Colin Bruce rejected these arguments and found that Johnson qualified as an Armed Career Criminal. Order (R.33). Accordingly, Johnson was subject to a minimum term of 15 years' imprisonment and a maximum term of life imprisonment. *See* 18 U.S.C. § 924(e).

On February 6, 2017, Judge Bruce sentenced Johnson to the mandatory minimum sentence of 180 months' imprisonment, followed by a five-year term of supervised release. (R. Feb. 6, 2017 Minute Entry). The written judgment was entered on February 7, 2017. (R. 36). Johnson timely filed a notice of appeal. (R.39). However, his appointed counsel moved to withdraw because the appeal was frivolous. The Seventh Circuit dismissed the appeal on February 14, 2018. (R.54).

On August 15, 2018, Johnson filed this timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Johnson argues that his conviction for Illinois armed robbery is not a violent felony, and, accordingly, he does not qualify as an Armed Career Criminal. The Government filed its Response (Doc. 7). Johnson filed a timely Reply (Doc. 10) on November 1, 2018, which included a Motion to Amend his § 2255 Motion to include a claim

of ineffective assistance of counsel. Specifically, Johnson argues his trial counsel was ineffective for failing to challenge the use of his armed robbery conviction as a predicate offense for the Armed Career Criminal enhancement and his appellate counsel was ineffective for failing to raise the issue on appeal. This Order follows.

## II. DISCUSSION

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)). Johnson is not entitled to relief under § 2555 because his claim is both procedurally defaulted and meritless.

**A. Johnson's Claim is Procedurally Defaulted.**

Johnson did not raise his claim that his Illinois armed robbery conviction was not a violent felony in the trial court or on direct appeal and it is now procedurally defaulted. *See McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) ("A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal.") (*citing Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009)). A petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new

evidence or changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994). Johnson conceded during sentencing that his 1994 conviction for armed robbery constituted a violent felony and he did not raise this argument on appeal. (R.54). Johnson has not alleged any cause or prejudice for not raising this claim on direct appeal. Moreover, non-constitutional claims, such as Johnson's, that are not raised on direct appeal are defaulted without taking into account cause and prejudice. *Belford,* 975 F.2d at 313. Accordingly, the Court finds Johnson's claim is procedurally defaulted and must be dismissed.

### B. Johnson's Claim Fails on the Merits.

Even if not procedurally defaulted, Johnson's claim that Illinois armed robbery is not categorically a violent felony is foreclosed by the Seventh Circuit's decision in *Klikno v. United States*, No. 16-2312, 2019 WL 2559266, at *1 (7th Cir. June 21, 2019).[2] In *Klikno,* the Seventh Circuit reexamined Illinois robbery and armed robbery offenses in light of the Supreme Court's decision in *Stokeling v. United States,* 139 S.Ct. 544, 202 L.E2d 512 (2019). *Stokeling* held that robbery offenses fall within the ACCA's elements clause if they "require the criminal to overcome the victim's resistance." 139 S. Ct. at 550. This requirement does "not require any

---

[2] For clarity, the Court notes that the Government's brief argued the merits of Johnson's claim were foreclosed by *Shields v. United States*, 885 F.3d 1020 (7th Cir. 2018), *cert. granted, judgment vacated*, 139 S. Ct. 1257, 203 L. Ed. 2d 269 (2019). However, after briefing, this case was vacated and remanded to the Seventh Circuit for further consideration in light of the Supreme Court's decision in *Stokeling v. United States,* 139 S.Ct. 544, 202 L.E2d 512 (2019). On remand, the case was consolidated with other cases and published as *Klikno v. United States*, No. 16-2312, 2019 WL 2559266, at *1 (7th Cir. June 21, 2019).

particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality." *Id.* at 554. Accordingly, the *Stokeling* "requirement to show 'force sufficient to overcome a victim's resistance,' . . . is not a demanding one." *Klikno*, 2019 WL 2559266, at *6 (internal citations omitted). The Seventh Circuit found that Illinois court cases addressing robbery offenses "require that force be used as part of the action of taking or immediately leaving the scene. This can reasonably be characterized as force necessary to overcome the victim's resistance, and thus it is compatible with *Stokeling*'s definition of force." *Id.* at 5. As the Illinois offense of robbery is encompassed within the offense of armed robbery, the Seventh Circuit held that both Illinois robbery and armed robbery were categorically violent felonies under the ACCA. *Id.* Johnson's arguments to the contrary are foreclosed by this decision, and, thus, his claim must be denied.

Johnson seeks to avoid this result by relying on the Eighth Circuit decision in *United States v. Bankhead*, 746 F.3d 323, 325 (8th Cir. 2014). In *Bankhead,* the Eighth Circuit found petitioner's juvenile delinquency offense of Illinois armed robbery did not qualified as a violent felony. *Id.* at 325. For a juvenile delinquency to qualify, it must meet the additional requirement that the offense entail "the use or carrying of a firearm, knife, or destructive device." 18 U.S.C. § 924(e)(2)(B). There is no such requirement for use of an adult conviction, so *Bankhead* has no application to whether an adult conviction for armed robbery, like Johnson's, meets the ACCA's definition of "violent felony." Indeed, even if Johnson had only been convicted of robbery, and not armed robbery, his conviction would still qualify as a violent felony under *Klikno*. Accordingly, the Court finds that *Bankhead* is inapposite.

**C. Johnson Has Not Shown He Received Ineffective Assistance of Counsel.**

In his Reply, Johnson has also sought to amend his § 2255 Motion to add a claim that his

counsel was ineffective for failing to argue that his armed robbery offense was not a violent felony and that appellate counsel was ineffective for failing to raise the issue on appeal. The Sixth Amendment guarantees criminal defendants effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). Under *Strickland's* familiar two-part test, Petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). To show prejudice, a prisoner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado,* 936 F.2d 303, 311 (7th Cir. 1991).

Here, an ineffective assistance claim could help Johnson overcome the Government's argument that his claim is procedurally defaulted. *See Galbraith v. United States*, 313 F.3d 1001, 1007 (7th Cir. 2002) ("[I]t is generally proper to raise arguments of ineffective assistance of counsel for the first time on collateral review in a § 2255 petition because such claims usually. . . involve evidence outside the record."). However, Johnson cannot show any prejudice from this alleged error because his underlying argument regarding the use of his armed robbery conviction as an ACCA predicate is meritless. It is not ineffective assistance of counsel for counsel to fail to raise a meritless objection or fail to raise a meritless issue on appeal. *See United States v. Nolan,* 910 F.2d 1553, 1564 (7th Cir. 1990). Accordingly, the Court must deny Johnson's Motion to Amend as futile.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of

appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the prisoner must show "that reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Here, Petitioner has not made a substantial showing of the denial of a constitutional right. The Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's Motion (Doc. 1) is DENIED and the Court DECLINES to issue a Certificate of Appealability. Petitioner's Motion to Amend (Doc. 10) is DENIED as futile. This matter is now CLOSED.

Signed on this 2nd day of July, 2019.

/s/ *James E. Shadid*
James E. Shadid
United States District Judge